## SHINGLEUR et al. v. JENKINS.

(Circuit Court, N. D. Georgia, W. D.    October 2, 1901.)

No. 49.

EQUITY—INDISPENSABLE PARTIES.

To a suit to require defendant to account for the proceeds of drafts drawn by one alleged to have been acting as complainant's agent, which the bill charges defendant with having received through a conspiracy between himself and the agent to appropriate the profits of the agency, or as trustee in invitum, because of his having intermeddled with the business of the agency by receiving the proceeds of such drafts, the agent is a necessary and indispensable party, without whose presence a federal court of equity cannot entertain the suit and undertake to determine the rights of the parties, although such agent is not within the district, and cannot be brought in.

In Equity. On plea for want of necessary party.

Grigsby E. Thomas and John M. Chilton, for complainants.
McNeill & Levy, for defendant.

NEWMAN, District Judge. This suit was brought originally by complainant against William B. Swift and Felix J. Jenkins. Afterwards the complainant came by way of supplement and amendment to his original bill, and stated that at the time the bill was filed the complainant believed that Swift was a resident of the district as he had long been, but that about the time the bill was filed Swift removed from the district, and from the state of Georgia, and that it was impossible to secure service on him in the district, whereupon he asked leave to amend his original bill by striking Swift as a party, which amendment was allowed by the court. Thereupon Jenkins filed a plea, in which he sets up that Swift is a necessary and indispensable party to the case made in the complainant's bill. The facts shown by the bill are that J. A. Shingleur was in 1897 doing a cotton business in Jackson, Miss., under the name of J. A. Shingleur & Co., and that he employed W. B. Swift to purchase cotton for him at Columbus, Ga.; that Swift was to purchase cotton for complainant, and ship the same as directed by complainant, and draw drafts on the consignees therefor, and was to account to complainant for his acts as such agent, and be paid reasonable compensation for his services; that Swift purchased a large amount of cotton, and shipped the same, and drew drafts against the consignees therefor, all of which drafts except two were payable to Felix J. Jenkins; that these transactions resulted in large profits, and that Swift refused to account to complainant therefor; that in shipping the cotton Swift misstated the weights, increasing the weight 10 to 20 pounds on each bale, the raised or increased weights being included in the drafts drawn on the consignees; and that the consignees afterwards drew on complainant for the amounts of these raised weights, and com-

plainant paid the drafts. The bill further charges that Swift and Jenkins conspired and confederated together for the purpose of appropriating the fruits of the agency, and that, if such is not the case, by intermeddling in the execution of the agency, and receiving the proceeds of the cotton, Jenkins became liable to complainant as trustee in invitum.

The question presented by the plea in this case has been frequently before the supreme court of the United States, and particularly in the cases of Mallow v. Hinde, 12 Wheat. 193, 6 L. Ed. 599, Shields v. Barrow, 17 How. 130, 15 L. Ed. 158, and the more recent case of California v. Southern Pac. Co., 157 U. S. 229, 15 Sup. Ct. 591, 39 L. Ed. 683. The opinions in the two latter cases discuss the effect of the act of congress of February 28, 1839, as now embodied in section 737 of the Revised Statutes, and also the forty-seventh rule of equity practice. It is contended by counsel for complainant that under the statute and rule referred to he should be allowed to proceed against Jenkins, inasmuch as Swift is not an inhabitant of, and cannot be found in, the district, and therefore cannot be made a party. By the decisions of the supreme court above referred to, persons who have such an interest in the controversy as that their presence in the suit is really necessary to its proper disposition must still be parties. The rule which should govern in this matter is probably fully embodied in a paragraph of the opinion in the last-named case of California v. Southern Pac. Co., as follows:

"Sitting as a court of equity, we cannot, in the light of these well-settled principles, escape the consideration of the question whether other persons who have an immediate interest in resisting the demand of complainant are not indispensable parties, or, at least, so far necessary that the cause should not go on in their absence. Can the court proceed to a decree as between the state and the Southern Pacific Company, and do complete and final justice, without affecting other persons not before the court, or leaving the controversy in such a condition that its final termination might be wholly inconsistent with equity and good conscience?"

In the case at bar can the court do complete and final justice without affecting Swift? I think not. Jenkins' connection with the transaction set out in the bill is such that it would be inequitable to attempt to pass upon his obligations and rights without the presence of Swift as a party. I am unable to see how any judgment could be rendered that would not affect Swift. This is true if we consider the case as made by the bill alone, and certainly true if we consider the bill in connection with Jenkins' answer. Using the language of the supreme court, "complete and final justice" would be impossible without the presence of Swift as a party.

The plea is sustained.