LAWRENCE WARD'S ISLAND REALTY CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 11, 1913.)

No. 18.

1. DISMISSAL AND NONSUIT (§ 12*)—DISCONTINUANCE—RIGHT TO DISCONTINUE.
  In general, plaintiff may discontinue his action on payment of costs, except that when discontinuance will prejudice defendant's present rights, it is within the discretion of the court to refuse permission to discontinue or grant it on terms.
  [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 27; Dec. Dig. § 12.*]

2. EMINENT DOMAIN (§ 246*)—PROCEEDINGS—DISCONTINUANCE—ABUSE OF DISCRETION.
  Proceedings having been instituted by the United States to condemn a site on Ward's Island for a light and fog signal station, the court entered an order of condemnation on making compensation and appointed com-

missioners of appraisal. The United States attorney thereafter, believing that the government had a paramount right to take the premises without compensation because of their location between high and low water line in East River, moved to discontinue, and his motion was granted. *Held,* that the order granting discontinuance was not an abuse of discretion in so far as it set aside the order of condemnation on making compensation, on the theory that without such order the landowner could obtain no relief except by an application to Congress for legislation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 647–657; Dec. Dig. § 246.*].

In Error to the District Court of the United States for the Southern District of New York.

Proceeding by the United States to condemn certain premises at Ward's Island for a light and fog signal station. From so much of an order granting complainant's application for a discontinuance of the proceeding as dismissed an order of condemnation on the United States making compensation for the property taken, the Lawrence Ward's Island Realty Company brings error. Affirmed.

George W. Ellis, of New York City, for plaintiff in error.

H. Snowden Marshall, U. S. Atty., of New York City (Addison S. Pratt, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. September 13, 1911, the United States attorney for the Southern district of New York presented a petition to the Circuit Court for the condemnation of certain premises at Ward's Island in the city of New York for a site for a light and fog signal station. The petition alleged that the owners of the premises were the state of New York, the city of New York, and the Lawrence Ward's Island Realty Company.

Upon the same day the latter company appeared and answered, and the Circuit Court entered an order that the United States was entitled to condemn the premises for public use upon making compensation therefor and appointing commissioners of appraisal.

May 7, 1913, the United States attorney moved for an order discontinuing the proceeding on the ground that the government has a paramount right to take the premises without compensation for the purposes of navigation; they lying between high and low water line in the East River, which is a navigable stream.

June 28, 1912, the District Court, after hearing both parties, entered an order of which the material part is:

"Ordered, that the above-entitled proceeding be and the same is hereby discontinued, and the order and judgment entered herein on the 13th day of September, 1911, authorizing the condemnation of the real property described in the petition aforesaid and appointing commissioners of appraisal, be and the same is hereby vacated and set aside."

The landowner does not complain of the discontinuance of the proceeding, but only of that provision of the order which vacates the order of September 13, 1911. Its contention is that it can ob-

tain no relief except by application to Congress for legislation, if the government hereafter take the premises under claim of right.

[1] The general rule certainly is that the plaintiff may discontinue his action upon payment of costs. When, however, discontinuance will prejudice the defendant's present rights, the court has a discretion to refuse permission to discontinue or to grant it on terms. Such action of the court, in the absence of an abuse of discretion, is not reviewable. Pullman Co. v. Transportation Co., 171 U. S. 138, 146, 18 Sup. Ct. 808, 43 L. Ed. 103.

[2] We discover no abuse of discretion. The provision vacating the original order of September 13, 1911, was unnecessary and immaterial. The mere discontinuance of the proceeding extinguished that order as effectually as if it had never been made. If the landowner is right in thinking that it can only have relief from Congress in case the government hereafter seizes the premises under a claim of right, the order of condemnation would not give this court jurisdiction to grant relief, even if it had not been expressly vacated.

The order is affirmed, without costs to either party.