### HILL et al. v. WILSON et al.

(Circuit Court of Appeals, Fifth Circuit. December 1, 1913. On Application for Rehearing, January 20, 1914.)

No. 2488.

1. TRUSTS (§ 366*)—SUIT TO ESTABLISH RESULTING TRUST—INDISPENSABLE PARTIES DEFENDANT.

To a suit by the trustees in bankruptcy of a corporation to establish a trust in favor of the corporation in property standing in the name of the defendant but alleged to belong in equity to an officer of the corporation, on the ground that he had defrauded the corporation, such officer is an indispensable party defendant.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 574–583; Dec. Dig. § 366.*]

2. CORPORATIONS (§ 319*)—SUIT TO RECOVER PROPERTY ON THE GROUND OF FRAUD—SUFFICIENCY OF BILL.

A bill to recover property for a corporation on the ground that the alleged owner and others who were officers and stockholders obtained stock of the corporation by fraud must show that at the time there were other stockholders or creditors who were defrauded, and a general allegation that there were others is insufficient.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1415, 1416–1425; Dec. Dig. § 319.*]

3. EQUITY (§ 149*)—JOINT SUIT—ORIGINAL AND INTERVENING BILLS.

A bill to establish a constructive or resulting trust in favor of a corporation and a bill by interveners to establish a trust in the same property in favor of another are necessarily adverse to each other and cannot be maintained in the same suit.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 342, 368–370; Dec. Dig. § 149.*]

Appeal from the District Court of the United States for the Northern District of Texas; Edw. R. Meek, Judge.

Suit in equity by John Howard Hill and others, trustees in bankruptcy of the United Wireless Telegraph Company, and Jesse Watson, trustee in bankruptcy of Christopher C. Wilson, against Robert J. Wilson and others. Decree for defendants, and complainants appeal. Decree amended and affirmed.

Perry G. Dedmon and Wm. J. Berne, both of Ft. Worth, Tex., for appellants.

Maurice E. Locke, of Dallas, Tex., and Byrd E. White, of Lancaster, Tex., for appellees.

Before PARDEE and SHELBY, Circuit Judges, and CALL, District Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The decrees appealed from in this case are amended so as to read "without prejudice," and as amended affirmed, with costs.

## On Application for Rehearing.

The judge below gave no written reasons for his decree dismissing the bills in this case; but we gathered from the arguments at the bar that counsel understood that the reasons were want of equity, multifariousness, misjoinder of parties, and want of necessary parties, as well as conflict between the original complainants and the intervener-complainant.

[1] From our investigation we found that neither Christopher C. Wilson nor his trustee in bankruptcy is made a party defendant to the bill of complaint filed by the plaintiffs Hill and others, whereas the whole foundation of the claim set up in the said bill is based upon frauds practiced by Christopher C. Wilson upon the plaintiff's bankrupt, and the liability of Christopher C. Wilson must be established before any question can arise as to whether there was a trust, constructive or resulting in favor of the United Wireless Telegraph Company and growing out of Christopher C. Wilson's transactions with the said company. The after-appearance by intervention of the trustee of Christopher C. Wilson joining with the original complainant in the prosecution of the original bill does not eliminate this difficulty.

[2] It may be further noticed that the original bill supplemented by the intervention does not sufficiently establish that the bankrupt corporation was defrauded. The original bill charges that Christopher C. Wilson, the president and director and member of the executive committee of the United Wireless Telegraph Company, about February 15, 1907, obtained a large amount of the stock of the United Wireless Telegraph Company, to wit, 423,000 shares of common stock and 176,000 shares of preferred stock; the consideration being the surrender by the said Wilson to the United Wireless Telegraph Company of certificates of an equal amount of stock, common and preferred, of the American De Forest Wireless Telegraph Company, a corporation organized under the laws of Maine, and which it is said had no actual value, and other worthless securities which had no market or intrinsic value. But the bill does not contain any sufficient statement of fact that there was any one interested in the corporation except the said Wilson and his alleged co-conspirators.

A general allegation that there were others interested during all this time is more a conclusion of law than an allegation of fact on which the court could act, as the bill does not show that there were actual creditors or stockholders interested in the United Wireless Telegraph Company at the time of the doing of the acts complained of who were unaware of what Wilson and his associates were doing, and whose rights were adversely and injuriously affected by those acts.

[3] The case as a joint suit shows clearly an adverse interest between the original complainant in the case and the so-called complainant-intervener.

The original bill of Hill and others seeks to declare a constructive or resulting trust in favor of the United Wireless Telegraph Company

in the after-acquired property of Wilson by reason of the fraudulent acts of Wilson and his alleged co-conspirators.

The complainant-intervener, trustee of Wilson, proceeds under the entirely different theory that the conveyances of the property to the defendants in the case were made in Wilson's interest, bought with Wilson's money, and thereafter the different conveyances alleged in the intervening bill were made to hinder, delay, and defraud Wilson's creditors, and the bill seeks to impound the property on that ground.

The two bills cannot stand together, and it would appear that neither can be sustained separately as a part of a joint suit.

Taking this view of the case, we concluded, as we think properly, that the decree appealed from should be amended so as to read "without prejudice," and as amended affirmed, thus leaving the appellants to proceed by new and original bills, if by counsel so advised.

The petition for rehearing is denied.