## DEELEY v. CINCINNATI ART PUB. CO.

Circuit Court of Appeals, Sixth Circuit.
January 3, 1928.

No. 4886.

**1. Bankruptcy ⊕⇒440(6)—Proceeding involving creditor's right to withdraw proved claim in bankruptcy to escape liability for preference held among "proceedings in bankruptcy" provided for in statute governing review (Bankr. Act, § 24b [11 USCA § 47]).**

Proceeding involving right of nonresident creditor, who had proved claim in bankruptcy proceeding, to withdraw it in order to avoid being subject to liability in bankruptcy court to respond for preference said to have been given to him, *held* to be among "proceedings in bankruptcy" provided for in Bankruptcy Act, § 24b, (11 USCA § 47) relative to review in bankruptcy case.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bankruptcy Proceedings.]

**2. Bankruptcy ⊕⇒441—Circuit Court of Appeals has no power to review bankruptcy proceeding, except as given by statute (Bankr. Act, § 24b [11 USCA § 47]).**

Circuit Court of Appeals has no power to review bankruptcy proceeding, except as power to revise in matter of law is given by Bankruptcy Act, § 24b (11 USCA § 47).

**3. Bankruptcy ⊕⇒449—Only review in bankruptcy is by special appeal allowed by Circuit Court of Appeals in its discretion (Bankruptcy Act, amended by Act May 27, 1926 [11 USCA § 47]).**

Only review in bankruptcy proceeding is by special appeal allowed in its discretion by Circuit Court of Appeals, instead of in usual manner, under Bankruptcy Act, amended by Act May 27, 1926 (11 USCA § 47), abolishing petitions to revise.

**4. Bankruptcy ⊕⇒461—In bankruptcy case, appeal allowed by District Court held dismissed (11 USCA § 47).**

Circuit Court of Appeals has no jurisdiction of appeal in bankruptcy case under 11 USCA § 47, which it did not allow, so that ap-

peal allowed by District Court, as it might be if taken under Bankruptcy Act, § 24a or 25a, must be dismissed.

Appeal from the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

From a decision granting permission to the Cincinnati Art Publishing Company to withdraw its claim, which had been proved in a bankruptcy proceeding, Lester E. Deeley, trustee in bankruptcy, appeals. Appeal dismissed.

Guy A. Birge, of Detroit, Mich., for appellant.

Leonard H. Freiberg, of Cincinnati, Ohio, for appellee.

Before DENISON and MACK, Circuit Judges, and HICKENLOOPER, District Judge.

PER CURIAM. [1-4] The proceeding before the referee and review by the District Judge were most plainly among the "proceedings in bankruptcy" provided for in section 24b of the Bankruptcy Act, now U. S. Code, tit. 11, § 47 (11 USCA § 47). They involved only the right of a nonresident creditor, who had proved his claim, to withdraw it in order to avoid being subject to a liability in the bankruptcy court to respond for a preference said to have been given to him. It is plain that this court has no power of review, except as the power to revise in matter of law is given by 24b. Since the amendment of May 27, 1926 (11 USCA § 47), abolishing petitions to revise, the only review is by a special appeal, allowed in its discretion by this court, instead of in the usual manner. It is probably to be inferred, as the reason for this amendment, that it was thought the ordinary proceedings in bankruptcy ought not to be reviewed, and necessarily suspended, by any appeal which either party might invoke as a right, and that the appellate court would not allow frivolous or nonsubstantial appeals. Whether or not this is the reason, the fact is clear that we have no jurisdiction of an appeal under 24b which we did not allow. The appeal here was allowed in February, 1927, by the District Court, as it might be if taken under 24a or 25a (11 USCA § 48). See Rutherford v. Elliott (C. C. A. 6) 18 F.(2d) 956.

The appeal must be dismissed for lack of jurisdiction. We have the less regret in thus disposing of the case, because we are not satisfied that the permission to withdraw was erroneously granted.