SCHOLL MFG. CO., Inc., v. RODGERS.
No. 9104.

Circuit Court of Appeals, Eighth Circuit.
Aug. 10, 1931.

M. E. Culhane, of Minneapolis, Minn., for appellant.

William P. O'Brien, of St. Paul, Minn., for appellee.

Before KENYON and BOOTH, Circuit Judges, and DEWEY, District Judge.

KENYON, Circuit Judge.

This is an appeal allowed by this court from an order of the District Court affirming the decision of the referee in bankruptcy refusing the petition of appellant to withdraw its claim filed in the bankruptcy proceeding of the Chain Store Merchandising Bureau, Inc., a corporation which was adjudicated a bankrupt on November 26, 1929.

Appellee is trustee of the bankrupt estate. The Chain Store Merchandising Bureau, Inc., was a purchasing and servicing organization connected with, and buying and selling merchandise for, the Guild of Merchant Druggists, Inc., the membership of which was composed of druggists.

Appellant claims that it shipped $2,862.-37 of merchandise to the Guild Drug Stores, Inc.; that it had nothing to do with the Chain Store Merchandising Bureau, Inc., and had no knowledge of the relationship of the Guild Drug Stores, Inc., to the Chain Store Merchandising Bureau, Inc., and never authorized the filing of any claim in the bankruptcy proceedings of the latter. Throughout the evidence the terms "Guild Drug Stores, Inc.," and "Guild Stores, Inc.," are used in referring to the "Guild of Merchant Druggists, Inc.," which leads to some confusion.

After the bankruptcy of the Chain Store Merchandising Bureau, Inc., notices seem to have been mailed to the creditors by the Northwestern Jobbers Credit Bureau, of which W. C. Rodgers, the trustee in bankruptcy, was manager, with reference to the filing of proof of claims. These notices were entitled, "In Re: Chain Store Merchandising Bureau." Pursuant to this notice the Scholl Manufacturing Company sent to the Northwestern Jobbers Credit Bureau on December 3, 1929, its claim for merchandising sold the Guild Stores, Inc., in the sum of $1,-557. The letter accompanying the account was entitled, "Re: Guild Stores Inc., St. Paul, Minn." The proof of claim, which also included an appointment of W. C. Rodgers and Wm. P. O'Brien as attorney for claimant with power to vote at meetings of creditors, was entitled, "In the Matter of Guild Stores, Inc. Bankrupt." Before this claim was filed the title was changed presumably by the Northwestern Jobbers Credit Bureau to read, "In the Matter of Chain Store Merchandising Bureau Guild Stores, Inc. Bankrupt." The trial court found that the Northwestern Jobbers Credit Bureau was the agent of appellant in so doing.

December 5, 1929, the Northwestern Jobbers' Credit Bureau acknowledged receipt of claim as follows:

"St. Paul, Minn., Dec. 5, 1929.
"Gentlemen:

"In Re Chain Stores Merchandising Bureau of St. Paul, Minn. We beg to acknowledge receipt of your claim amounting to $1557.00. This claim will be properly filed and we will endeavor to keep you advised of further developments. Thank you.
"Northwestern Jobbers Credit Bureau
"H. E. B."

The proof of claim was duly filed in the bankruptcy proceeding on December 16, 1929.

December 23, 1929, appellant wrote as follows:

"Dec. 23, 1929.

"Northwestern Jobbers Credit Bureau,

"St. Paul, Minn.

"Gentlemen:

"There is considerable confusion here over that transaction which we have against Guild Stores.

"Your acknowledgment of our claim comes back under the heading of The Chain Stores Merchandising Bureau. As far as our records indicate, we did not know that such a firm existed because all of the correspondence which we have in our files was signed as Guild Stores and our order was written up and billed to the Guild Stores and not The Chain Stores Merchandising Bureau.

"Yours very truly,

"The Scholl Mfg. Co. Inc.

"Credit Manager."

The trustee on June 14, 1930, filed objection to the proof of appellant's claim as follows:

"In the Matter of Chain Store Merchandising Bureau, a Corporation, Alleged Bankrupt.

In Bankruptcy.

"To Honorable John P. Galbraith, Referee in Bankruptcy.

"I, W. C. Rodgers, Trustee in this proceeding, do hereby object to the proof of debt filed in the herein proceedings by the Scholl Mfg. Co., 213 West Schiller Street, Chicago, Illinois, an alleged creditor for $1557.00. That said objection is made on the following grounds, i. e.

"The return of merchandise by bankrupt to this alleged creditor on or about November 12, 1929, in the amount of $1305.37, which amounted to a preference being made to this alleged creditor, as it was within the four months immediately prior to the filing of the petition.

"I respectfully request that said proof of debt be rejected and disallowed (an) no dividend declared upon same, unless the said preference is returned to the herein estate either in kind or its value in cash.

"W. C. Rodgers, Trustee."

The alleged preference is this: In September, 1929, after the bankrupt had become involved financially, he had Mr. Mayer of the Goodrich-Gamble Company of St. Paul write appellant and other creditors a letter captioned, "In re: Chain Store Merchandising Bureau," which advised the taking back of their merchandise and waiting for the liquidation of the receivables. In pursuance of this, appellant took back in November, 1929, merchandise of the value of $1,305.37, which was shipped to it by the Chain Store Merchandising Bureau. This sum deducted from the value of the original shipment left a balance of $1,557, the amount of the claim filed.

October 4, 1930, appellant filed a petition in the bankruptcy proceeding asking to be permitted to withdraw its claim, alleging that it had never authorized filing of the same in the bankruptcy proceeding of the Chain Store Merchandising Bureau, Inc. This was refused upon hearing by the referee October 20, 1930, who held that the petitioner knew at all times that it was doing business with the Chain Store Merchandising Bureau, the bankrupt, and that any mistake as to names was merely a clerical one or a confusion on the part of the petitioner as to the proper name under which it was to run its account. This ruling of the referee was sustained by the trial court.

Petitioner based its right to the withdrawal of its proof of claim on two grounds:

1. That the petitioner never authorized the filing of said proof of claim in said bankruptcy matter.

2. That even if said claim was filed by the petitioner, it had as a matter of law the right to withdraw the same.

We think the holding of the referee and the trial court that appellant had full knowledge of the fact that it was doing business with the Chain Store Merchandising Bureau, Inc., and that it intended to file proof of claim against that concern in the bankruptcy proceeding, had ample substantial evidence to sustain it. Appellant received back certain merchandise from this bureau, so it must have known with whom it was dealing. Our views accord with the following from the opinion of the trial court:

"After a careful examination of the evidence, I am of the opinion that there is substantial evidence to sustain the findings of the referee to the effect that the creditor sold the bill of goods involved to the Chain Store Merchandising Bureau and intended to file proof of claim against that concern in these proceedings.

"It appears that there was some confusion in the mind of the creditor concerning the names of these two corporations but it also appears that the creditor was fully in-

formed at different times, both before it sold the bill of goods and immediately before it filed its proof of claim, of the distinction between the two corporations, and knew that the Guild of Merchants Druggists, Inc. was merely a membership proposition and that the Chain Store Merchandising Bureau was a servicing organization, or, in other words, the one that bought and sold merchandise.

"I think the referee was justified in considering, under all of the circumstances of the case, that the Northwestern Jobbers Credit Bureau was the agent of the creditor and was authorized to change the heading of the proof of Claim and file it as it appears they did. It appears to have been a mistake. It was not the name of either corporation. It was the intention of the creditor to file the claim against the corporation to which it had sold the merchandise."

We pass to the other question as to whether appellant had the right as a matter of law to withdraw its proof of claim filed in the Chain Store Merchandising Bureau, Inc., bankruptcy matter. That a claim filed in a bankruptcy proceeding may be withdrawn is the general rule. 2 Collier on Bankruptcy (13th Ed.) p. 1141; 2 Remington on Bankruptcy, § 754.

We quote from In re Strickland, 167 F. 867, 868 (District Court): "The only question before the court is the propriety of the referee's order, allowing a creditor to withdraw his proof of debt and intervention before the final determination of the cause. Now, the right to dismiss legal proceedings has long inured to parties in all jurisdictions, state and national. Veazie v. Wadleigh, 11 Pet. 55, 61, 9 L. Ed. 630; Stevens v. The Railroads (C. C.) 4 F. 97. The only limitation upon that right is that the party dismissing shall pay all costs, and that the dismissal shall not violate any substantial right, nor render it unavailable. * * * Can the withdrawal of a proof of debt be said to violate any substantial right of the bankrupt, or place him in a position more prejudicial than which he occupied before the proof was filed? An examination of the precedents shows that all of the recent cases sanction a withdrawal or amendment under ordinary circumstances, of proceedings in bankruptcy." In Re Stewart, (D. C.) 178 F. 463, 468, the court, speaking of the attempted withdrawal of a claim for goods sold and delivered to bankrupt, said: "I do not think it within the power of the court, or referee, to prevent such withdrawal or abandonment of the claim presented. The withdrawal is a matter of right in the creditor, and not a matter of discretion with the referee or judge." Deeley v. Cincinnati Art Pub. Co. (C. C. A.) 23 F.(2d) 920, 921, involved the right of a creditor who had proved a claim in a bankruptcy court to withdraw it to avoid any effect of an alleged preference. The case went off on a question of jurisdiction, but the court said: "The appeal must be dismissed for lack of jurisdiction. We have the less regret in thus disposing of the case, because we are not satisfied that the permission to withdraw was erroneously granted." See, also, Chicago & A. R. Co. v. Union Rolling-Mill Co., 109 U. S. 702, 3 S. Ct. 594, 27 L. Ed. 1081; Harding v. Corn P. R. Co. (C. C. A.) 168 F. 658.

The exception to the general rule as to the right of dismissal is where such dismissal or withdrawal will result in legal prejudice to the other party, which would be the situation if there were a counterclaim at issue or affirmative action sought by defendant. In Ex parte Skinner & Eddy Corporation, 265 U. S. 86, 44 S. Ct. 446, 447, 68 L. Ed. 912, the court, in discussing the right of plaintiff to discontinue his suit before verdict or judgment, says: "It is ordinarily the undisputed right of a plaintiff to dismiss a bill in equity before final hearing." Further:

"The right to dismiss, if it exists, is absolute. It does not depend on the reasons which the plaintiff offers for his action. The fact that he may not have disclosed all his reasons, or may not have given the real one, cannot affect his right.

"The usual ground for denying a complainant in equity the right to dismiss his bill without prejudice at his own costs is that the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action. Having been put to the trouble of getting his countercase properly pleaded and ready, he may insist that the cause proceed to a decree."

In Gilmore v. Bort (C. C.) 134 F. 658, 660, the court in speaking of the right of complainant to dismiss a bill without prejudice says: "This rule, however, is subject to the exception that, where such dismissal would be manifestly prejudicial to the defendant, it will not be permitted. The prejudice, however, to the defendant, that will authorize the denial of the complainant's motion to dismiss his bill, must be some plain,

legal prejudice, other than a mere prospect of future litigation rendered possible by the dismissal of the bill."

It is to be noted in the case at bar that no affirmative relief was asked by the trustee. There was no counterclaim. The claim of appellant was objected to because goods had been returned which the trustee claimed amounted to a preference and such preference was urged as a defense to appellant's claim. The trial court was of the opinion that the right to have an adjudication of preference made by the referee was an affirmative right and was in the nature of affirmative relief against the claim filed.

We are unable to agree with this theory. What the trustee loses by a withdrawal of the claim is the opportunity to have determined a question that might be of benefit to him in a suit brought to recover the alleged preference. Is this sufficient to bring this case within the exception to the general rule as to the right to dismiss? In Harding v. Corn Products Refining Co. (C. C. A.) 168 F. 658, 665, the court in part said: "To authorize denial of such right to discontinue 'there must be some plain, legal prejudice' to the other parties, which 'must be other than the mere prospect of future litigation.' * * * The utmost effect of discontinuance in reference to either issue is to leave such controversy open for future litigation, between the same or other parties, which is not legal prejudice." See, also, Gilmore v. Bort, supra.

A plenary suit in equity by the trustee would be necessary to recover the preference, and the referee would have no jurisdiction over such suit. Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898. The referee could have decided there was a preference and hence that the claim could not be allowed, and that holding affirmed by the District Court would of course be of value as res adjudicata in an action to recover the preference. However, granting that such adjudication is of some value, the fact remains that the trustee was asking for no affirmative relief, and was in no position to demand such relief under the objections filed to proof of the claim. The relief asked is merely the establishment of the preference as a defense to the claim, and we are satisfied that the mere depriving the trustee of the opportunity to have the question of preference passed on in this hearing is not the destruction of any substantial right, or sufficient to constitute legal prejudice and warrant the overruling of the petition of appellant to withdraw its claim. The trustee would have to go to the home state of appellant (Illinois) to recover this alleged preference if appellant had never filed its proof of claim, or if being filed the referee and the trial court had held there was a preference. The order of the District Court is reversed, and the case is remanded with directions to the trial court and the referee to permit the withdrawal by appellant of its proof of claim.

Reversed.