**IN RE J. R. PALMENBERG SONS, Inc.**

**BRONX BRASS FOUNDRY, Inc., v. IRVING TRUST CO.**

**No. 330.**

Circuit Court of Appeals, Second Circuit.
April 15, 1935.

Maxwell H. Goldstein, of New Haven, Conn. (Milton C. Jacobs, of New York City, of counsel), for claimant-appellant Bronx Brass Foundry, Inc.

Otterbourg, Steindler & Houston, of New York City (Aaron Rosen and Arnold A. Jaffee, both of New York City, of counsel), for appellee Irving Trust Co. as Trustee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Bronx Brass Foundry, Inc., a creditor of the bankrupt, filed its proof of claim for $2,101.10, and Irving Trust Company, the trustee, filed a petition to expunge the claim on the ground that the creditor, within four months prior to the date of filing the petition in bankruptcy, had received an unlawful preference of $1,000 knowing that the bankrupt was insolvent. The referee ordered the claim expunged unless the preferential payments should be restored to the trustee in bankruptcy within twenty days, and also denied an application by the creditor to withdraw its claim. That order was affirmed by the District Court, and the present appeal is taken from the order of affirmance.

When the motion to expunge the claim of the creditor was heard by the referee, the evidence clearly indicated that the creditor was paid $1,000 on account of its claim within four months of the date of the filing of the petition in bankruptcy and at a time when the latter knew that J. R. Palmenberg Sons, Inc., was insolvent, though it is not altogether certain that, if the assets existing at the time of such payment had been applied to the payment of all the creditors, the Bronx Brass Foundry, Inc., would have received more than its pro rata share. Before the hearing was closed, the creditor moved to withdraw the claim so as to avoid a decision by the referee that an unlawful preference had been received. The referee, John E. Joyce, Esq., in denying the motion

to withdraw the claim, rendered the following decision:

"When a creditor files a claim against the bankrupt estate he elects a forum which may hear and determine whether a preference to him was made. Although judgment of recovery may not be granted, the finding thereon, subject to review, is conclusive as between the parties. It is not intended that a party shall have two trials of the same issue or be permitted to present the same issue to different tribunals for determination. When issue is joined upon the question whether a voidable preference has been received, the creditor may not withdraw of his own motion and thereby avoid such determination as the proof warrants. In re Helfand Shoe Co. Inc., 22 A. B. R. (N. S.) 487.[1]

"The claim will be expunged unless within twenty days after entry of an order herein the claimant pays to the Trustee the sum of $1,000 with interest from the date of the service of the motion to expunge."

 We are satisfied that the decision as well as the reasoning of the referee was entirely correct.

The questions raised by this appeal are: (1) Whether the creditor had an absolute right to withdraw its claim; and (2) whether, if it had not, and the referee properly exercised his discretion in denying the application, the creditor received a voidable preference, though the proof did not show that when it was paid the $1,000, or one-third the amount then due it, the assets were insufficient to pay the other creditors one-third of the amount of their claims.

In support of the absolute right to withdraw the claim the decisions in Ex parte Skinner & Eddy Corp., 265 U. S. 86, 93, 44 S. Ct. 446, 68 L. Ed. 912; Pullman's Palace-Car Co. v. Central Transportation Co., 171 U. S. 138, 146, 18 S. Ct. 808, 43 L. Ed. 108; Scholl Mfg. Co. v. Rodgers, 51 F.(2d) 971 (C. C. A. 8); Deeley v. Cincinnati Art Pub. Co., 23 F.(2d) 920 (C. C. A. 6); and Lawrence Ward's Island Realty Co. v. United States, 209 F. 201, 203 (C. C. A. 2), may be cited in support of the creditor's position. But the decisions of the Supreme Court go no farther than to say that a complainant may discontinue his suit unless its dismissal "would prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind." Ex parte Skinner &

Eddy Corp., 265 U. S. 86, at page 93, 44 S. Ct. 446, 448, 68 L. Ed. 912. Thus, if a defendant has interposed a counterclaim, the complainant has no absolute right to discontinue his suit. In Pullman's Palace-Car Co. v. Central Transportation Co., 171 U. S. 138, 146, 18 S. Ct. 808, 811, 43 L. Ed. 108, the court used general language and said: "If the defendants have acquired some rights which might be lost or rendered less efficient by the discontinuance, then the court, in the exercise of a sound discretion, may deny the application." If leave to withdraw the claim had been granted, the trustee would have lost the right to litigate, in connection with its motion to expunge, the question whether the creditor had acquired a preference. Though the denial of leave did not entitle the trustee to a recovery, it did establish the fact of a preference, and left nothing for subsequent litigation except the amount of the claim. Everything else is res judicata. To have deprived the trustee of the right to establish in the summary proceeding the fact of a preference would have been to take away a substantial right.

In Scholl Mfg. Co. v. Rodgers, 51 F.(2d) 971 (C. C. A. 8), and in Deeley v. Cincinnati Art Pub. Co., 23 F.(2d) 920 (C. C. A. 6), it was said that such prejudice as we have mentioned was insufficient to bar the right of a creditor to withdraw his claim, but, with all respect, we do not think it necessary or desirable to allow the process of the court to be trifled with by creditors whose rights have to be disposed of, if there is to be convenient and speedy administration of the estates of bankrupts.

 Several District Courts of the Second Circuit have adopted local rules making the dismissal of suits in equity discretionary and we have approved such local rules. The present rule of the Southern District of New York reads as follows: "2. Voluntary Discontinuances. If justice require, the Court, after issue joined, may refuse to permit the plaintiff to discontinue even though the defendant cannot have affirmative relief under the pleadings and though his only prejudice be the vexation and expense of a possible second suit upon the same cause of action." We think the foregoing rule valid and regard the right to discontinue as procedural rather than substantive and within the power of judicial regulation. While these rules do not in terms apply to bankruptcy courts, proceedings in those courts are in the nature of proceedings in equity.

---

[1] Referee's opinion.

Bardes v. First Nat. Bank of Hawarden, 178 U. S. 524, 535, 20 S. Ct. 1000, 44 L. Ed. 1175, and the local rules we have mentioned indicate that the present judicial attitude toward the right to discontinue a suit or proceeding is more liberal than formerly.

It would have been particularly unreasonable to allow the creditor in the present proceeding to withdraw its claim. At the time when the application for leave to withdraw was made, the question whether the bankrupt was insolvent, and whether the creditor had reasonable cause to believe that a preference would be effected by the payment, had already been litigated before the referee at several hearings and the evidence was almost closed. It is impossible to discover any merit in the creditor's application, and the granting of it would have involved at least some prejudice to the estate. In such circumstances denial was entirely justified. Smith v. Carlisle (C. C. A.) 228 F. 666.

The claim that the payment of $1,000 within the four months' period was not a voidable preference, unless it represented a larger percentage than the other creditors would have received, had the assets of the bankrupt been liquidated and distributed at the time when the payment was made, is thought to be substantiated by decisions of the Court of Appeals of the Eighth Circuit in Haas v. Sachs, 68 F.(2d) 623; Mansfield Lumber Co. v. Sternberg, 38 F.(2d) 614, 617, and W. S. Peck & Co. v. Whitmer, 231 F. 893, 897. But we do not agree with the interpretation of section 60 of the Bankruptcy Act, 11 USCA § 96, on which those decisions were based. The retention by Bronx Brass Foundry, Inc., of the $1,000 received from the insolvent would result in giving it an advantage over the other creditors. The claim, before that payment was made, amounted to $3,000. If another creditor had a claim of $3,000 and the estate paid a dividend of 50 per cent., Bronx Brass Foundry, Inc., would receive $2,000 in all, while the other creditor, though having a claim in the same amount, would receive but $1,500. The fallacy of the contention on the part of Bronx Brass Foundry, Inc., was pointed out by Judge Knappen in Commerce-Guardian Trust & Savings Bank v. Devlin, 6 F.(2d) 518, 519 (C. C. A. 6).

Whether a creditor of an insolvent has received an unlawful preference is not to be determined by what the situation would have been if the estate had been completely liquidated and distributed among all the creditors at the time when the alleged preferential payment was made, but upon whether the ultimate result of a payment by a known insolvent "will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." Bankruptcy Act § 60a, 11 USCA § 96 (a).

Inasmuch as the retention by the creditor of $1,000 would work a preference in the present case, the referee properly required the return of that sum to the trustee as a condition of the allowance of the claim. Bankruptcy Act § 57g, 11 USCA § 93 (g).

Order affirmed.