MATTIE McMULLIN, EXECUTRIX, ESTATE OF CHARLES G. McMULLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39015.   Promulgated August 11, 1930.

*Harry C. Blanton, Esq.,* for the petitioner.
*L. S. Pendleton, Esq.,* for the respondent.

OPINION.

SEAWELL: This case was submitted on the pleadings and no briefs or oral arguments were presented and therefore we have little before us as to the positions of the respective parties with respect to the issue presented. However, from the petition it would appear that what the petitioner contends is that under the laws of Missouri " the share of the property given the widow by statute in lieu of dower, called ' statutory dower,' * * * comes to her by virtue of the marriage relationship, and not by virtue of his [the husband's] death." It is further contended that, " Even though the widow does not repudiate the will, that portion of the estate amounting to the sum given her by statute is not rendered taxable, because as to that portion of the estate, the husband having no power to deprive her of the same by will or deed, has not to that extent transferred it to her at the time of his death, it having become hers upon the consummation of the marriage." That is, if we understand the petitioner correctly, the value of whatever property to which the widow was entitled at her husband's death on account of her marital relationship with the decedent should be excluded from the gross estate of the decedent in determining the estate tax due from the estate of such decedent.

Section 302 (b) of the Revenue Act of 1926 (which section is identical with the corresponding provision in the Revenue Acts of 1918, 1921, and 1924) provides as follows:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real, or personal, tangible or intangible, wherever situated—

*       *       *       *       *       *       *

(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy.

Two cases have arisen under the foregoing provisions which we consider decisive of the issue presented. The first of these, *United States* v. *Waite*, 33 Fed. (2d) 567 (certiorari denied, *Waite* v. *United States*, 280 U. S. 90A), held that the widow's taking of the deceased

husband's property under the laws of Missouri, whether real or personal and whether as dower or in lieu of dower, constitutes a "transfer" within the meaning of the Federal estate-tax statutes and accordingly the value of such share of the decedent's property should not be excluded from the gross estate in determining the estate tax due from the estate of the decedent. Likewise in *Crooks* v. *Loose*, 36 Fed. (2d) 571 (another case arising in Missouri), it was held that the value of the statutory marital interest of the widow in testator's estate, consisting of the interest which the widow would have in case of intestacy and which she could elect to take instead of taking under the will, is not deductible from the value of the gross estate in determining the Federal estate tax due from the estate of the decedent. The former case arose under the Revenue Act of 1918 and the latter under the Revenue Act of 1921, but, as heretofore stated, the provision with which we are concerned is identical with those involvel in the foregoing cases. Cf. also *Tyler* v. *United States*, 281 U. S. 497. We are accordingly of the opinion that the contention advanced by the petitioner should be denied.

*Judgment will be entered for the respondent.*