## BRONX BRASS FOUNDRY, INC. *v.* IRVING TRUST CO., TRUSTEE.

No. 232. Argued December 13, 1935.—Decided February 10, 1936.

*Mr. Maxwell H. Goldstein* for petitioner.

*Mr. Charles A. Houston* for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

J. R. Palmenberg Sons, Inc., was adjudged bankrupt in the federal court for southern New York in August, 1933. In September, Bronx Brass Foundry, Inc., filed its proof of claim. In January, 1934, the Irving Trust Company, trustee in bankruptcy, moved to expunge the claim on the ground that the creditor had received within the four months preceding the bankruptcy, payments on ac-

count aggregating $1,000 which were unlawful preferences. The creditor denied the allegations of preference.

On the issue thus raised, several hearings were had before the referee and the evidence introduced clearly indicated that the payments would, upon bankruptcy, effect a preference over other creditors of the same class, and that the claimant had received them having reasonable cause to believe the debtor insolvent. But it left uncertain whether the amount received was more than its pro rata share would have been, if the then existing assets had been ratably distributed among all the then creditors. Before the hearing closed, and in view of an adverse ruling on the admission of evidence, the creditor filed a withdrawal of its claim and left the hearing.

The trustee objected to allowance of the withdrawal, and introduced further evidence, insisting that it was entitled to an adjudication of the question whether the payments made were unlawful preferences. The referee, at the close of the hearing, ordered that the claim be expunged, unless the creditor within 20 days repay the preference to the trustee, with interest from the date of service of the motion to expunge. He said:

"When a creditor files a claim against the bankrupt estate he elects a forum which may hear and determine whether a preference to him was made. Although judgment of recovery may not be granted, the finding thereon, subject to review, is conclusive as between the parties. It is not intended that a party shall have two trials of the same issue or be permitted to present the same issue to different tribunals for determination. When issue is joined upon the question whether a voidable preference has been received, the creditor may not withdraw of his own motion and thereby avoid such determination as the proof warrants."

The District Court approved the order of the referee. Its judgment was affirmed by the Circuit Court of Ap-

peals, which held that the creditor had received a preference although the proof did not show that at the times of the payments the assets of the debtor were insufficient to pay proportional amounts to all the other creditors, 76 F. (2d) 935. We granted certiorari, because the ruling on the right of the creditor to withdraw its claim appeared to conflict with *Scholl Mfg. Co.* v. *Rodgers,* 51 F. (2d) 971, decided by the Court of Appeals for the Eighth Circuit; and because the ruling on the question of preference conflicted with *W. S. Peck & Co.* v. *Whitmer,* 231 Fed. 893, also decided by that court.

*First.* The referee was justified in refusing to permit the creditor to withdraw its claim. The Circuit Court of Appeals recognized that ordinarily a plaintiff in equity has, as stated in *Ex parte Skinner & Eddy Corp.,* 265 U. S. 86, 93, the absolute right to dismiss his bill. Its approval of the referee's refusal to permit the creditor to withdraw rested on the ground that the District Court had adopted a rule which authorized the court to refuse, after issue joined, "to permit the plaintiff to discontinue even though the defendant cannot have affirmative relief under the pleadings and though his only prejudice be the vexation and expense of a possible second suit upon the same cause of action"; that this modification of the right of voluntary discontinuance was within the judicial power, since it dealt with procedure; that the rule had been approved by the Court of Appeals; that it was applicable also to bankruptcy proceedings; and that it had been properly applied below. We agree with the reasoning and the conclusion reached.

*Second.* The ruling of the referee on the question of preference was correct for the reasons stated in *Palmer Clay Products Co.* v. *Brown,* decided this day, *ante,* p. 227.

*Affirmed.*