In re STEINREICH ASSOCIATES, Inc.
No. 288.

Circuit Court of Appeals, Second Circuit.
May 18, 1936.

MANTON, Circuit Judge, dissenting.

———◇———

Dorff & Levy, of New York City (Max Dorff, of New York City, of counsel), for appellant.

Feiring & Bernstein and Joseph Dannenberg, all of New York City (Michael

Feiring and Barney Bernstein, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

██ Both the referee and the district judge considered that In re J. R. Palmenberg Sons, Inc. (C.C.A.) 76 F.(2d) 935, 936, required the denial of the motion for leave to withdraw. The decision in that case has since been reviewed and affirmed in Bronx Brass Foundry v. Irving Trust Co., 56 S. Ct. 451, 80 L.Ed. ——, February 10, 1936. It has been decided that the rule of the Southern District Court, which appears in the margin,* is a valid exercise of the judicial power to regulate procedure and that it applies to bankruptcy proceedings. The general right of a plaintiff in equity to have his bill dismissed (see Ex parte Skinner & Eddy Corporation, 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912) has been changed in the Southern District by this rule. And a claimant there may not withdraw a claim filed in bankruptcy proceedings after objections to it have been interposed by the trustee unless in the exercise of a sound discretion leave to do so should be granted.

██ In the Palmenberg Case, supra, not only had issue been joined, but hearings on the merits had been held, and, when the motion for leave to withdraw was made, there was apparently reason to believe that the estate would be somewhat prejudiced by permitting the withdrawal. Here there have been no hearings on the merits. Though the objections to the allowance of the claim do not appear of record, the briefs of the parties and the arguments have gone on the ground that the receipt of alleged preferences formed the basis of the objections to the allowance and we shall assume that to be so. If such objections can be sustained, the preferential payments will have been established, and that issue will be res adjudicata though it is true that there can be no recovery of preferences in a summary proceeding before the referee. In re J. R. Palmenberg Sons, supra. As said in the case just cited, "To have deprived the trustee of the right to establish in the summary proceeding the fact of a preference would have been

to take away a substantial right." Issue had been joined on the question of preferences and no reason for granting leave to the claimant to withdraw has been advanced but the fact that it has been paid, through the sale of collateral which belonged to a guarantor, the balance it claimed due on the note. That did not relieve the bankrupt's estate from all possible liability. In so far as the guarantor paid the claim he had the rights of this claimant against the estate, and if the claimant failed to prove the guarantor could do so in the claimant's name. Section 57i of the Bankruptcy Act, 11 U.S.C. A. § 93 (i). So the reason given for the leave asked is only that the beneficial interest in the claim presented has been shifted from the claimant to the guarantor leaving the situation of the bankrupt estate in every real sense unchanged. Consequently, the right of the trustee to have the fact of a preference established in a summary proceeding is a substantial right, and we can find no abuse of discretion in denying the motion for leave to withdraw and requiring, under the rule of court above quoted, a determination of the issue joined in the jurisdiction the claimant elected to invoke when it filed the claim. Bronx Brass Foundry, Inc. v. Irving Trust Co., supra. That the decision in the case just cited was not modified by Jones v. Securities & Exchange Commission, 56 S.Ct. 497, 80 L.Ed. ——, April 6, 1936, is made clear by the majority opinion in the Jones Case.

Order affirmed.

MANTON, Circuit Judge (dissenting).

This case is not governed by Bronx Brass Foundry v. Irving Trust Co., 56 S. Ct. 451, 452, 80 L.Ed. ——. There the Supreme Court said: "Several hearings were had before the referee and the evidence introduced clearly indicated that the payments would, upon bankruptcy, effect a preference over other creditors of the same class, and that the claimant had received them having reasonable cause to believe the debtor insolvent." Before the hearing closed, and in view of an adverse ruling on the admission of evidence, the creditor filed a withdrawal of its claim

---

* "2. Voluntary Discontinuances. If justice requires, the Court, after issue joined, may refuse to permit the plaintiff to discontinue even though the defendant cannot have affirmative relief under the pleadings and though his only prejudice be the vexation and expense of a possible second suit upon the same cause of action."

742

and left the hearing. There it clearly appeared that not only had the claimant presented the case on the question of preference and argued it, but that the proof so far given was a fair basis for anticipating a judgment in favor of his opponent.

In the instant case, the claimant did not raise the issue of preference by filing his claim. The trustee's objections first raised that point. Without reply or argument, the claimant elected to withdraw rather than to submit that question to summary determination. The claimant withdrew only after the situation had changed by the payment to it through the sale of collateral of the amount of its claim. This constituted a sufficient reason for granting permission to withdraw. While the District Court may have discretion by reason of the rule of that court, the discretion was abused here in view of the payment made. The guarantor has not asked to be subrogated as claimant instead of the bank under section 57i, Bankr.Act, 11 U.S.C.A. § 93 (i). The Supreme Court has recently reaffirmed the admitted general right of withdrawal in Jones v. Securities & Exchange Commission, 56 S.Ct. 497, 80 L.Ed. —.

The rule of the District Court should not have been used to effect a denial or permission to withdraw without even the exercise of judgment as to the wisdom of such withdrawal.

I dissent.