## McMULLIN v. SHEEHAN, Collector of Internal Revenue.

### No. 10941.

Circuit Court of Appeals, Eighth Circuit.

March 7, 1938.

Rehearing Denied March 21, 1938.

Chase Morsey, of St. Louis, Mo., for appellant.

Harry Marselli, Sp. Asst. to the Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., and Herbert H. Freer, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before STONE, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is to reverse a decree dismissing a bill in equity to enjoin the collection of a federal estate tax. The Collector of Internal Revenue moved the dismissal and his motion was sustained. The plaintiff having failed to amend within the time fixed by the rule of the court[1] the dismissal was entered.

It appears from the bill that the appellant is the widow and executrix of the estate of Charles F. McMullin, deceased, and, as such, she filed a federal estate tax return and paid the amount of tax called for by the return. Thereafter an additional tax was claimed and the Commissioner of Internal Revenue sent appellant a sixty-day letter notifying her of the proposed additional assessment amounting to $1,999.53 from which appellant filed a petition for appeal with the United States Board of Tax Appeals in which she contended that there was no additional tax due because under the laws of Missouri she, as the widow of the decedent, took one-half of the property by virtue of her marriage and not by the laws of descent and distribution. This contention of appellant was overruled by the Board on August 11, 1930. 20 B.T.A. 527. The gross estate as finally determined amounted to $395,857.91, which, after deductions of $211,899.16, left a net estate of $183,958.75 upon which the tax was assessed.

It was further alleged:

"That practically the entire estate of the said Charles F. McMullin consisted of real estate located in the State of Missouri; that the value of said real estate as finally fixed and determined by the Commissioner of Internal Revenue was $319,631.50; that real estate in Missouri was at the time of the death of said Charles F. McMullin not subject to federal estate tax; that this fact was not known to plaintiff at the time she took the appeal to the board of tax appeals; that many taxpayers in Missouri had made such contention before the Commissioner of Internal Revenue but the said Commissioner of Internal Revenue had consistently ruled that Missouri real estate was to be considered as a part of the gross estate for feder-

---

[1] "Unless otherwise ordered, replies or other pleadings to the answer shall be filed within ten days after the filing of the answer. Amended pleadings, in cases both at law and in equity, shall be filed within ten days after the former pleading shall have been adjudged insufficient, unless for good cause further time shall be given, by the Court."

al estate tax purposes; that one of the Missouri taxpayers had presented said question to the Court of Claims and the Court of Claims in the case of Steedman v. United States, 63 Ct.Cl. 226 had ruled that Missouri real estate was a part of the gross estate and subject to federal estate tax; that the Supreme Court of the United States had refused to grant a writ of certiorari and said decision had become final; that plaintiff and other taxpayers in Missouri considering said decision as final, did not raise said question in her petition filed with the board of tax appeals.

"Plaintiff further states that thereafter, in November 1930 in the case of Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156 [the Supreme Court] decided that real estate in Missouri was not a part of the gross estate for federal estate tax purposes and under the law as thus declared by the supreme court there is now no tax due from plaintiff because practically the entire estate of said Charles F. McMullin consisted of real estate; that the amount of tax paid at the time of the filing of said return, being $506.44, was not due and owing but it is now too late to file a claim for refund therefor."

The prayer of the bill was for an injunction against the taking of any steps to collect the tax. The motion to dismiss asserted (1) that the court was without jurisdiction because maintenance of the suit to restrain the collection of the tax was prohibited by section 3224 of the Revised Statutes of the United States, section 154, title 26 U.S.C., 26 U.S.C.A. § 1543; and (2) that the determination by the Board of Tax Appeals constituted a binding adjudication which plaintiff was estopped to question.

The provision of section 3224, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court," plainly prohibited the trial court from entertaining jurisdiction of the injunction suit, and the motion to dismiss was rightly sustained. Graham v. DuPont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L. Ed. 816; Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; Snyder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901; Cheatham v. U. S., 92 U.S. 85, 23 L.Ed. 561; State Railroad Tax Cases, 92 U.S. 575, 23 L.Ed. 663.

We think there are no facts alleged which take the case out of the operation of the statute, and the doctrines enunciated in Miller v. Nut Margerine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Dodge v. Brady, 240 U.S. 122, 36 S.Ct. 277, 60 L.Ed. 560; Rickert Rice Mills v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513, have no application. See Huston v. Iowa Soap Co., 8 Cir., 85 F.2d 649, 108 A.L.R. 173.

The record discloses that the court entered its order sustaining the motion to dismiss the bill of complaint on June 10, 1936. The court rule required any amended pleading to be filed within ten days thereafter, unless for good cause further time should be given by the court. Such rule, affecting only procedure, was not invalid. Bronx Brass Foundry Co. v. Irving Trust Co., 297 U.S. 230, 56 S.Ct. 451, 80 L.Ed. 657. The appellant took no steps to amend until nine months had gone by. She then filed a so-called "First Amended Petition." No order of the court granting leave to file such amended pleading appears in the record, but there is a record entry, "Now comes plaintiff and by leave of court files herein her amended petition." Three days later the court ordered that the amended petition be, and the same was, stricken. As the amended pleading had not been attacked by defendant, the action of the court in striking it was simply a refusal to permit amendment so long out of time. In the absence of any good cause for the delay, it cannot be held that there was any abuse of discretion in the refusal to permit the amendment. Johnston v. Ouachita Nat. Bank, 8 Cir., 40 F.2d 604.

Affirmed.