I think plaintiff's position is untenable from another view of the case. It is plain that any heir or person beneficially entitled to share in any recovery by the administrator was in law authorized to claim the insurance benefits and bring suit therefor in his own right and for the benefit of all persons having an interest in the proceeds of the contract. Johnson v. United States, 10 Cir., 102 F.2d 729; Marsh v. United States, 4 Cir., 97 F.2d 327; United States v. Tate, 4 Cir., 99 F.2d 307; United States v. Powell, 4 Cir., 93 F.2d 788. The reasoning of these cases leads to the conclusion that the running of the statutory period of limitations was not suspended pending the appointment of an administrator.

Plaintiff's motion for rehearing will be overruled.

defendant were preferential. This was an adjudication between the parties of the very issues involved in the first cause of action, and it left nothing further to be tried. In re Palmenberg Sons, 2 Cir., 76 F.2d 935, affirmed under title of Bronx Brass Foundry v. Irving Trust Co., 297 U.S. 230, 56 S.Ct. 451, 80 L.Ed. 657; Irving Trust Co. v. Frimitt, D.C., 1 F.Supp. 16.

The motion of the plaintiff for summary judgment against the defendant on the first cause of action is granted.

## LEVINSON v. COHEN.

District Court, S. D. New York.
March 7, 1939.

Mordecai M. Richter, of New York City, for plaintiff.

Isidore L. Rosenzweig, of New York City, for defendant.

COXE, District Judge.

I think this motion of the plaintiff for summary judgment must be granted. It has been determined in the bankruptcy proceedings that the payments made to the

## SLAYTER & CO. v. STEBBINS–ANDERSON CO., Inc. (STANDARD LIME & STONE CO., Intervener).

No. 21.

District Court, D. Maryland.
Jan. 23, 1940.

