In re HILLS.

No. 35264.

District Court, W. D. Washington, N. D.

Oct. 26, 1940.

Gail M. Williams, of Seattle, Wash., for trustee.

C. E. H. Maloy, of Seattle, Wash., for creditor.

BLACK, District Judge.

This matter is before the court on the petition of a creditor for review of the proceedings and order of the referee in bankruptcy denying the creditor's motion for leave to withdraw his proof of claim in the sum of $17,868.04.

The trustee made written objections to the allowance of the claim wherein it was alleged that the claimant had received payments in the sum of $39,973.79 from the bankrupt which were voidable as preferences and that the claimant had received payments of usurious interest from the bankrupt and had contracted for the payment of further usurious interest which had not yet been paid.

The referee held that the objection to the allowance of the claim on the ground that the claimant had received a voidable preference did not constitute a counterclaim and that any discretion the court might have in the case should be exercised in favor of the withdrawal of the claim. The

referee further held that as the objection on the ground of usury was an offset constituting a counterclaim under the Rules of Civil Procedure that under Rule 41, 28 U.S.C.A. following section 723c, he was compelled to deny the claimant's motion. Such Rules are, of course, applicable under General Order 37 in Bankruptcy, 11 U.S.C.A. following section 53.

After consideration of the briefs presented by the parties hereto and of the authorities therein cited it appears to this court that the referee was right in denying the claimant's motion to withdraw the claim.

Clearly, the objections of the trustee on the ground of usury under Remington's Revised Statutes of Washington, Section 7304, defining the effect of Usury, constituted a set-off. See Edwards v. Surety Finance Co., 176 Wash. 534, 30 P.2d 225. Such a set-off is included in the definition of counterclaims as defined in Rule 13 of the Rules of Civil Procedure, and under Rule 41 bars the right of the claimant to withdraw his claim over the objection of the trustee.

This court, however, is not convinced that the objection of preference did not constitute a counterclaim nor that discretion, if available, should be exercised in favor of withdrawal.

In the light of Rule 13 of the Rules of Civil Procedure defining counterclaim, particularly of sections (b) and (c) thereof, the argument of the trustee that the objection on the ground of preference is a counterclaim is very persuasive.

And in the light of In re Palmenberg Sons, 2 Cir., 76 F.2d 935; In re Steinreich Associates, 2 Cir., 83 F.2d 740; In re Helfand Shoe Co., Inc., 22 Am. Bankr. Rep., N.S., 487; and In re Grenatti Associates, Inc., 37 Am. Bankr. Rep., N.S., 203, the contention of the trustee that even were the matter of withdrawal of the claim discretionary with the court that such discretion should not be exercised in favor of withdrawal of claimant's claim is likewise very persuasive.

The referee was correct in refusing withdrawal of the claim after the trustee had interposed the objection of usury paid and contracted. It is not required at this time that the very vexatious questions be decided of whether the objection of preference constitutes a counterclaim or as to whether the discretion of the court should be exercised for or against withdrawal.

In any event it is clear that the denial by the referee of claimant's motion to withdraw his claim must be sustained.

Presentment of written order in harmony herewith is requested.