## In re EMPIRE COAL SALES CORPORATION.

District Court, S. D. New York.
May 21, 1942.

Referee granted claimant permission to withdraw its claim, holding that it was a matter addressed to the discretion of the court and that no prejudice would result to the trustee. The Referee also imposed certain conditions upon claimant, intending thereby to safeguard the rights of the trustee with respect to a subsequent plenary suit. The trustee contends (1) that the Referee had no discretion in determining the application for leave to withdraw after trustee filed his objections on the ground of a preference, because such objections constitute a counterclaim which divests the Referee of discretion under Rule 41(a) (2) of the Rules of Civil Procedure, 28 U.S.C. A. following section 723c; and (2.) if the Referee had discretion, his action was an abuse of said discretion, since the right of the trustee to establish a preference in a summary proceeding is a substantial right.

██ Prior to the Amendatory Act of June 22, 1938, 11 U.S.C.A. § 1 et seq., and the amended General Orders, effective February 13, 1939, 11 U.S.C.A. following section 53, the right to withdraw proofs of claim was determined by reference to the practice in federal equity suits as to the right of a plaintiff to discontinue. The rule was that the right was absolute provided that the defendant could show no prejudice beyond the possible vexation of being sued later on the same claim. In re Skinner & E. Corp., 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912. When the defendant had put in a counterclaim before the plaintiff moved for a voluntary dismissal, dismissal would generally be denied. Chicago & A. R. Co. v. Union Rolling Mill Co., 109 U.S. 702, 3 S. Ct. 594, 27 L.Ed. 1081. In the Southern District of New York this procedure was governed by local Rule No. 2, which authorized the court to refuse to permit discontinuances, even though the defendant could not have affirmative relief under the pleadings, and though his only prejudice would be the vexation and expense of a possible second action. Two leading cases arose in this district under local Equity Rule No. 2, In re Palmenberg Sons, 2 Cir., 76 F.2d 935, affirmed sub nom Bronx Brass Foundry v. Irving Trust Co., 297 U.S. 230, 56 S.Ct. 451, 80 L.Ed. 657, and In re Steinreich Associates, 2 Cir., 83 F.2d 740. Both of these cases and Matter of George Grenatti Associates, 37 A.B.R.,N.S., 203, sustained a refusal to permit withdrawal of a claim after joinder of issue in view of the local equity rule. The first two cases speci-

Otterbourg, Steindler & Houston, of New York City (Aaron Rosen and Arthur L. Nathanson, both of New York City, of counsel), for trustee.

Asa S. Herzog, of New York City, for claimant.

GODDARD, District Judge.

This is a petition to review an order of the Referee permitting claimant, Ruthbell Coal Company, to withdraw its claim against the bankrupt, after objections thereto were filed by the trustee, upon compliance by the claimant with certain conditions contained in the order.

On October 11, 1941, Ruthbell Coal Company, a West Virginia corporation, filed a proof of claim against the bankrupt in the sum of $5,274.47 for merchandise sold and delivered. Thereafter, the trustee filed verified objections to said claim, demanding that it be expunged and disallowed on the ground that said claimant had received voidable preferences under Section 60, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. b, and Section 15 of the New York Stock Corporation Law, Consol.Laws, c. 59, in the amount of $19,571.83. Upon the return day of the hearing on the aforesaid objections, the matter was adjourned and on the adjourned day, claimant filed a petition for leave to withdraw the claim. The

fically held that under the local rules, the matter was addressed to the discretion of the court. However, local Equity Rule 2 is no longer in force since the Amendatory Act of 1938 and the amended General Orders now make Rule 41 of the Rules of Civil Procedure applicable to bankruptcy matters. The applicable portions of Rule 41 provide:

"(a) * * *

"(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. * * *"

Under this rule the court may grant or deny leave to withdraw a claim (over the objection of the trustee) in the exercise of its discretion upon such conditions as it deems proper, except when a counterclaim has been pleaded, "unless the counterclaim can remain pending for independent adjudication by the court."

The important question in the case at bar is whether or not the trustee's objection to the claim constitutes a counterclaim. I do not think the trustee's objection to the claim on the ground of a preference is a counterclaim within the meaning of Rule 41(a) (2). The objection is merely an "objection", a defense; no affirmative relief is asked for. Although the Referee may pass upon the question of alleged preference as an incident in deciding whether the claim is allowable, he cannot render a money judgment therefor or order return of the property. He cannot determine all the issues involved. 3 Collier on Bankruptcy, pp. 1031, 1032; Metz v. Knobel, 2 Cir., 21 F.2d 317. To obtain such relief the trustee must resort to a plenary action in the proper forum. Metz v. Knobel, supra.

In Kelso v. Maclaren, 8 Cir., 122 F.2d 867, 870, the trustee filed objections to a claim and included "a request that the claim be rejected, and if 'the evidence so warrants', and that the claimant be required to pay over to the trustee such amount as the claimant may be found indebted to the bankrupt, or that if the property received from the bankrupt shall have been disposed of by the claimant it be required to account for the value of such property". The court held that this constituted a counterclaim and said that the refusal to allow the claim was not an abuse of discretion. In the Matter of Hills, D.C., 35 F.Supp. 532, 533, it was held that the objection by the trustee on the ground of usury was a counterclaim and the opinion says that "It is not required at this time that the very vexatious questions be decided of whether the objection of preference constitutes a counterclaim * * *" the trustee having also filed an objection on the ground that claimant had received a preference.

Since I find that no counterclaim was interposed by the trustee, the next question is whether the Referee abused his discretion in permitting the claimant to withdraw its claim. I think he did not. Matter of E. Wasserman, Inc., Bankruptcy No. 72645, opinion of Referee Joyce, October 6, 1939, confirmed by Judge Coxe of the Southern District of New York, December 9, 1939. The most that the trustee can obtain here is an adjudication that a preference has been effected. He can only obtain full affirmative relief by a plenary suit; no evidence has been taken. If claimant is not permitted to withdraw its claim it will be deprived of a trial by jury, which is a more substantial right than the trustee's right to have a summary determination of the single issue of preference. In a plenary suit, which the trustee must bring if he wishes to obtain a recovery of money or property, all the parties will be before the court and all issues may be finally disposed of at one time.

The Referee granted claimant permission to withdraw its claim upon the following conditions which sufficiently protect the rights of the trustee:

1. That claimant accept service and submit to the jurisdiction of the District Court for the Southern District of New York in the suit to be brought by the trustee to recover the amount of the alleged preference.

2. That in such suit, claimant file its answer within ten days after service of the summons and complaint.

3. That claimant consent to and join in a motion for a preference in such suit.

The petition to review is dismissed and the order of the Referee permitting the withdrawal of the claim upon the conditions set forth is affirmed.

Settle order on notice.