## KLEID v. RUTHBELL COAL CO.
### No. 53.

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1942.

Otterbourg, Steindler & Houston, of New York City (Aaron Rosen, of New York City, of counsel), for appellant.

Asa S. Herzog, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

Upon its voluntary petition Empire Coal Sales Corporation was adjudged a bankrupt and the case referred to a referee in bankruptcy. In due season Ruthbell Coal Co., a West Virginia corporation, filed a proof of claim against the bankrupt to which the trustee in bankruptcy filed objections on the ground that said creditor had received preferences voidable under section 60, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. b, and section 15 of Stock Corporation Law of New York. When said objections came on to be heard the creditor obtained an adjournment of the hearing, and thereafter, before the adjourned date, substituted counsel petitioned for leave to withdraw the claim. Over the protest of the trustee the creditor's motion was granted upon certain conditions, the terms of which will appear later in this opinion. The district court confirmed the referee's order, and the trustee has appealed. It is contended, first, that the referee was forbidden by the Federal Rules of Civil Procedure to permit withdrawal of the claim, and second, if the matter was discretionary, that the referee's action constituted an abuse of discretion.

■ In support of the first point reliance is placed on the portion of Rule 41(a) (2), 28 U.S.C.A. following section 723c, which provides:

"If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

The argument then turns to paragraphs (b) and (c) of Rule 13 to support the contention that the trustee's objection to the claim on the ground that the creditor had received a voidable preference is a counterclaim. We are in complete agreement with the district judge's opinion (45 F.Supp. 974) that such objection is not a counterclaim. It is a purely defensive pleading interposed against allowance of the claim. See In re George Grenatti Associates, D.C. S.D.N.Y., 37 A.B.R.,N.S., 203. Under it the trustee can obtain no judgment for return of the property or for payment of its value. Metz v. Knobel, 2 Cir., 21 F.2d 317, 318. Nor has any ground been suggested under which the trustee's pleading "can remain pending for independent adjudication"

after withdrawal of the creditor's claim. It is an affirmative defense—like estoppel, statute of frauds, statute of limitations, or "other matter constituting an avoidance or affirmative defense," listed in Rule 8(c) as affirmative defenses. Hence permission to withdraw the claim "upon such terms and conditions as the court deems proper" was a discretionary matter under Rule 41(a) (2). No case opposed to this conclusion has been called to our attention. In re Hills, D.C.W. D.Wash., 35 F.Supp. 532, explicitly declined to decide the question, although expressing the opinion that the argument supporting the contention of counterclaim was "very persuasive." For the reasons above stated we find the opposing argument more convincing.

■ There remains for determination the question whether discretion was abused. If the referee had denied leave to withdraw the claim, support for exercising his discretion in such manner could be found in Re Steinreich Associates, 2 Cir., 83 F. 2d 740; see, also, Bronx Brass Foundry v. Irving Trust Co., 297 U.S. 230, 56 S.Ct. 451, 80 L.Ed. 657. If the referee had permitted withdrawal without imposing terms, it may be that under those authorities an abuse of discretion would have to be found. That precise question is not before us for decision. Terms were imposed. Withdrawal was conditioned upon the creditor, a foreign corporation, accepting service of summons and submitting to the jurisdiction of the district court, promptly answering the trustee's complaint, and joining in an application for an early trial; failure to comply with any of such conditions was to result in the reinstatement of the creditor's claim and the trustee's objections thereto for an immediate hearing. In the opinion of the district court such terms provided a reasonable method of litigating the issue of the alleged preference. It preserved to the creditor the right to a jury trial, while it accorded to the trustee the opportunity to bring to trial promptly a plenary suit for recovery of the preference without having to resort to a foreign jurisdiction. Whether, in the event a judgment is recovered, the trustee may still have to resort to the courts of a foreign jurisdiction to collect it cannot be foretold. We cannot hold that granting leave to withdraw the claim upon the terms imposed must necessarily be deemed an abuse of discretion. The order is affirmed.